UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**JOY MCCRICKARD,**
              **Plaintiff,**

v.                                                                                      Civil Action No. 3:09CV005

**VALENTINE & KEBARTAS, INC.,**
and
**JOHN DOE, a/k/a "Steve Carroll",**

              **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer alleging damages for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Joy McCrickard is a natural person who resides in Virginia. Ms. McCrickard is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Valentine & Kebartas, Inc. (Valentine & Kebartas) is a Massachusetts corporation. A principal or regular purpose of its businesses is the collection of consumer debt

and has its principal office located at 15 Union Street, Lawrence, MA 01840. Its registered agent is Robert M. Kebartas, who is located at 15 Union Street, Lawrence, MA 01840.

5. Defendant John Doe, a/k/a Steve Carroll (Steve Carroll) is an employee of Valentine & Kebartas.

6. Defendants are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), which term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

## STATEMENT OF FACTS

7. On or about September, 2008, Defendants began a campaign of collection abuse aimed at Ms. McCrickard while attempting to collect an Internet Payday Loan debt, loans that are not legal in Virginia.

8. On or about September 20, 2008, Valentine & Kebartas sent Ms. McCrickard a dunning letter attempting to collect on the alleged debt. A copy of the dunning letter is attached hereto as Exhibit A.

9. The debt was for an Internet Payday Loan, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

10. The dunning letter did not contain the name of the creditor to whom the debt was owed.

11. The Internet Payday Loan was incurred online through www.cashtransfercenters.com.

12. Cashtransfercenters.com is not located in Virginia.

13. Cashtransfercenters.com is not a licensed consumer finance company in Virginia.

14. Cashtransfercenters.com is not a licensed Payday Lender in Virginia.

15. Cashtransfercenters.com charged 703.93% interest on the loan to Ms. McCrickard.

16. The Consumer Finance Act, Va. Code § 6.1-249 provides that "[n]o person shall engage in the business of lending any principal amounts to individuals for personal, family, household or other nonbusiness purposes, and charge, contract for, or receive, directly or indirectly, on or in connection with any loan, any interest, charges, compensation, consideration or expense which in the aggregate is greater than the interest permitted by § 6.1-330.55" without first having the proper license.

17. Under Va. Code § 6.1-330.55, no interest greater than 12% per year can be charged unless one of the listed exceptions apply.

18. The loan violated the provisions of Va. Code § 6.1-249, and is therefore void under Va. Code § 6.1-308, which provides in pertinent part the following:

> § 6.1-308. Violation of § 6.1-249.
>
> ...
>
> B. Any contract of loan in the making or collection of which any act has been done which violates § 6.1-249 shall be void and the lender shall not collect, receive, or retain any principal, interest, or charges whatsoever, and any amount paid on account of principal or interest on any such loan shall be recoverable by the person by or for whom payment was made.

19. In October, 2008, Defendants began calling Ms. McCrickard at work attempting to collect the debt.

20. Ms. McCrickard is an Intensive Care Unit nurse.

21. Steve Carroll told her that she should pay up and quit being such a deadbeat.

22. Steve Carroll told Ms. McCrickard that he would contact Theresa Parker in Human Resources if she did not pay.

23. Ms. McCrickard hung up.

24. Steve Carroll called back almost immediately.

25. Ms. McCrickard put Carroll on hold in order to perform duties as a registered nurse in the Intensive Care Unit.

26. When she got back to the phone, Steve Carroll had hung up.

27. Steve Carroll called back almost immediately, but Ms. McCrickard told the ICU secretary not to take Carroll's calls.

28. Defendants telephoned Ms. McCrickard's son-in-law at his home regarding Ms. McCrickard and the debt.

29. Defendants engaged in other telephone harassment, abuse, deception and misrepresentation while attempting to collect the alleged debt.

30. The calls left Ms. McCrickard frightened and fearful of future multiple calls at work, and calls to third parties, causing further disruption of her work, her coworkers, and her state of mind, including concern for her job.

31. Payday Loans are outlawed in many states.

32. Internet Payday Loans are outlawed in many states.

33. Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

34. Defendants used false, misleading, or deceptive representations or means in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

35. Defendants engaged in unfair practices by, among other things, attempting to collect amounts not permitted by law, in violation of 15 U.S.C. § 1692f.

36. Defendants' noncompliance with the FDCPA was intentional.

37. Defendants knew or should have known that the loan they were seeking to collect is void and unenforceable in Virginia, by virtue, for example, of the numerous filings by the Virginia Attorney General attacking loans that impose interest rates in excess of those allowed under applicable licensing provisions of the Code of Virginia, including *Commonwealth of Virginia v. Auto Cash Title Loans, LLC.*, Circuit Court of the City of Richmond, Civil Action No. 08-1446, a copy of which is attached hereto, marked Plaintiff's Exhibit B.

38. As a result of the acts and omissions of the Defendants, Ms. McCrickard has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, fear, humiliation, disruption of work and family life, and lost time.

39. The foregoing acts and omissions of the Defendants constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692c(b), d, e, e(2)(A), e(5), and e(10), f, f(1), and g, entitling Ms. McCrickard to awards of statutory and actual damages, plus his costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that the Defendants violated the Fair Debt Collection Practices Act;

2. Award Plaintiff statutory damages and actual damages against the Defendants for their violations of the Fair Debt Collection Practices Act;

3. Award Plaintiff reasonable attorneys' fees against the Defendants for their violations of the Fair Debt Collection Practices Act;

4. Award Plaintiff costs against the Defendants for their violations of the Fair Debt Collection Practices Act;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Joy McCrickard
By Counsel

By: Dale W. Pittman, VSB#15673
Counsel for Joy McCrickard
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com